# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7485 FMO (RAOx) | Date | October 26, 2017 |
|---|---|---|---|
| Title | Roy H. Smithson v. Jackson National Life Insurance Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, Complaint Class Action ("Complaint") at ¶ 9). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

Having reviewed the Complaint, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when . . . the court questions, the . . . allegation."). Plaintiff makes a conclusory allegation that the class action's amount in controversy exceeds $5 million, (see Dkt. 1, Complaint at ¶ 9), despite pleading that class members' claims are of a "relatively small size[.]" (See Dkt. 1, Complaint at ¶ 50).

Further, "[a] district court . . . may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 432, 127 S. Ct. 1184, 1192 (2007); see Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1088 (9th Cir. 2009), cert. denied, 562 U.S. 827 (2010) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-7485 FMO (RAOx)** | Date | **October 26, 2017** |
|---|---|---|---|
| Title | **Roy H. Smithson v. Jackson National Life Insurance Company** | | |

In addition, a district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) (internal quotation marks omitted), superseded by statute on other grounds; see also Injen Tech. Co. v. Advanced Engine Mgmt., 270 F.Supp.2d 1189, 1193 (S.D. Cal. 2013) ("[A] motion to transfer venue . . . relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties") (internal quotation marks omitted).

Under § 1404(a), the court may transfer an action to "any other district or division where it might have been brought or to any district or division to which all parties have consented." Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 579 (2013). An action "might have been brought" in a transferee court where "the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper." E. & J. Gallo Winery v. F. & P. S.p.A., 899 F.Supp. 465, 466 (E.D. Cal. 1994); see also Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, 4:714 (The Rutter Group 2016) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 1089-90 (1960)) (same); Atl. Marine Constr. Co., 134 S.Ct. at 578 ("[W]e construe[] the phrase 'where it might have been brought' to refer to the federal laws delimiting the districts in which such an action may be brought[.]") (internal quotation marks omitted).

Though plaintiff alleges that his claims are meaningfully connected to California, and that defendant has purposefully directed its activities toward California and availed itself of the privileges of conducting business in California, (see Dkt. 1, Complaint at ¶ 9) (alleging defendant registered with the California Department of Insurance in 1969 and maintains to present the state's authorization to transact insurance business, provides an agent for service of process in Los Angeles, California, solicits California residents to purchase insurance policies, including through an office in El Segundo, California, and, based on its regulatory filings, does more business in California than in any other state), plaintiff also alleges that he is a citizen of the state of Indiana, and defendant is incorporated in and has its principal place of business in the state of Michigan. (See Dkt. 1, Complaint at ¶¶ 7-8).

Based on the foregoing, IT IS ORDERED that no later than **November 6, 2017,** plaintiff shall show cause in writing why this action should not be dismissed for lack of jurisdiction or transferred to another venue for the reasons noted above. Should the court transfer the action,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-7485 FMO (RAOx)** | Date | **October 26, 2017** |
|---|---|---|---|
| Title | **Roy H. Smithson v. Jackson National Life Insurance Company** | | |

plaintiff must specify in its response the venue(s) where the action should be transferred. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order.**

                                                                00  :  00
                                            Initials of Preparer       vdr